Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

```
                                      FILED ___        RECEIVED ___
                                      ENTERED          SERVED ON
                                          COUNSEL/PARTIES OF RECORD

                                           MAR 15 2019

                                      CLERK US DISTRICT COURT
                                      DISTRICT OF NEVADA
                                   BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

for the

District of Nevada

_____ Division

|  |  |
|---|---|
| Valerie A. Hollenback | Case No. ___ 3:19-cv-00151 ___<br>(to |
| _____ | |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint.* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | |
| *please write "see attached" in the space and attach an additional* | |
| *page with the full list of names.)* | |
| –v– | |
| Thomas Brandon, Acting Director Bureau of Alcohol, | |
| Tobacco Firearms and Explosives | |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Valerie A. Hollenback |
| Street Address | 4141 Bootes Court |
| City and County | Sparks Washoe |
| State and Zip Code | Nevada 89436 |
| Telephone Number | (309) 229-6499 |
| E-mail Address | valeriehollenback@yahoo.com |

Paid Amt $ 400⁰⁰  Date 3/15/2019
NVRNO Receipt # 4498  Initials ____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) |
| Job or Title *(if known)* | |
| Street Address | 99 New York Ave., NE |
| City and County | Washington, D.C. |
| State and Zip Code | 20226 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Thomas Brandon |
| Job or Title *(if known)* | Acting Director ATF |
| Street Address | 99 New York Ave., NE |
| City and County | Washington, D.C. |
| State and Zip Code | 20226 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Thomas Ross |
| Job or Title *(if known)* | Resident Agent in Charge ATF |
| Street Address | 200 S. Virginia St. Suite 600 |
| City and County | Reno Washoe |
| State and Zip Code | Nevada |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | David Allen |
| Job or Title *(if known)* | Special Agent ATF |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number _____

E-mail Address *(if known)* _____

**C.      Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Bureau of Alcohol, Tobacco, Firearms and Explosives |
| Street Address | 99 New York Ave NE |
| City and County | Washington, D.C. |
| State and Zip Code | 20226 |
| Telephone Number | 202-648-8500 |

**II.      Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒      Other federal law *(specify the federal law)*:
        Retaliation under Title VII of the Civil Rights Act of 1964

☐      Relevant state law *(specify, if known)*:

☐      Relevant city or county law *(specify, if known)*:

**III.    Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Between July 2, 2014 and April 14, 2015

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race            Asian

☐    color

☒    gender/sex      Feminine/Female

☐    religion

☒    national origin     Phillipines

☐    age *(year of birth)*            *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Please See Attached Pages

------------------------------------------------------------------

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.       It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

December 27, 2014 and amended on May 14, 2015

B.       The Equal Employment Opportunity Commission *(check one)*:

☐       has not issued a Notice of Right to Sue letter.

☒       issued a Notice of Right to Sue letter, which I received on *(date)*     12/18/2018          .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.       Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐       60 days or more have elapsed.

☐       less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Please See Attached Pages

---

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         3/15/2019

Signature of Plaintiff

Printed Name of Plaintiff      Valerie A. Hollenback

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**ADDITIONAL DEFENDANTS**:

5. John Wester, ASAC ATF, Florida

6. Brice P. McCracken, ASAC ATF

7. Debora Livingston, SAC ATF Denver, Colorado

8. Jolene Blair, Special Agent ATF, Sacramento, CA

9. Jerry Donn, Special Agent ATF, Sacramento, CA

10. Amanda Cahill, Resident ATF, in Charge, ATF

11. Graham Barlowe, Resident Agent in Charge ATF Sacramento, CA


**FACTS OF THE CASE:**


1. On April 29, 2013, Ms. Hollenback was hired by the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

2. After successful completion of the required training at the ATF Academy, Ms. Hollenback started in Stockton, CA Field Office on December 9, 2013.  Initially, Special Agent (SA) Renee Finney was assigned as her training agent.

3. In February 2014, SA Timothy Watkins was assigned as Ms. Hollenback's training agent shortly after SA Finney made a written statement regarding EEO issues in the Stockton Office to then Assistance Special Agent in Charge Michael Delvecchio and Resident Agent in Charge Graham Barlowe.

4. On March 28, 2014, Ms. Hollenback was reassigned to Sacramento Field Office for a temporary assignment and SA Jolene Blair was assigned as her training agent.

5. On July 2, 2014, SA Blair and Ms. Hollenback met to discuss her performance, and SA Blair informed Ms. Hollenback that she needed to improve her professionalism.  Later that

day, SA Blair walked by Ms. Hollenback's desk and asked her what she was doing. Ms. Hollenback responded that she was tracking a package containing a bathing suit. SA Blair asked Ms. Hollenback, "are you sure it was a bathing suit, and not a vibrator?"

6.   On July 11, 2014, while on military leave, Ms. Hollenback visited the ATF Sacramento Field Office to drop off government travel card paperwork and receipts. Mr. Brian Havers and Ms. Arianne Lyons were present in the office. Mr. Havers informed Ms. Hollenback that Ms. Hollenback will be getting a new training officer, SA Jerry Donn. In the same conversation, Ms. Hollenback mentioned to Mr. Havers and Ms. Lyons about the comment made by SA Blair on July 2, 2014. Ms. Hollenback commented to Mr. Havers and Ms. Lyons that it was hypocritical for SA Blair question Ms. Hollenback's professionalism and then make an unprofessional comment herself.

7.   On July 22, 2014, while on annual leave, Ms. Hollenback received a call from Mr. Havers. Mr. Havers informed Ms. Hollenback that he talked to the chain of command (Acting Resident Agent in Charge (ARAC) Amanda Cahill about the comment made by SA Blair. Mr. Havers told Ms. Hollenback that he felt that she was sexually harassed by SA Blair and he was making sure that the chain of command was aware of this. Mr. Havers felt that Ms. Hollenback was the type of person that would not report something like this. Ms. Hollenback informed Mr. Havers that it was not his place to make the complaint and explained that she was afraid of retaliation by SA Amanda Cahill due to her friendship and long working relationship with SA Jolene Blair.

8.   On the same day, Ms. Hollenback informed ARAC Amanda Cahill that SA Jolene Blair made unprofessional sexually oriented comments. ARAC Amada Cahill responded that Ms. Hollenback was at fault for relating the story to Mr. Havers and Ms. Lyons in the office.

9.   On July 29, 2014, upon returning from annual leave, Ms. Hollenback was told to meet with ARAC Amanda Cahill, SA Jolene Blair and SA Jerry Donn. During this meeting, SA Jerry

Donn was assigned as Ms. Hollenback's new training officer.  ARAC Amanda Cahill also told Ms. Hollenback that she should not have talked to other employees about the alleged comment that SA Jolene Blair made.  ARAC Cahill also stated that Ms. Hollenback's conversation with Havers and Lyons disrupted the cohesion of the office and was disrespectful to the chain of command.

10. On September 17, 2014, Ms. Hollenback talked to ARAC Amanda Cahill about ATF's electronic investigation reporting system, NFORCE. During the conversation, Ms. Hollenback asked ARAC Cahill if she had any issues passing her probation, ARAC Cahill told Ms. Hollenback that they will discuss that the next day, but that she needs to start looking for other options just in case it (ATF) doesn't work out.

11. On September 18, 2014, ARAC Cahill issued Ms. Hollenback a Letter of Expectation informing her that she needed to improve her performance in the areas of professionalism, report writing, and interpersonal skills. The letter noted the counseling that Ms. Hollenback receive on July 29, 2014. Before the meeting concluded, ARAC Cahill told Ms. Hollenback that she will have a hard time with the ATF since she is a female and a minority.

12. On October 5, 2014, Ms. Hollenback was transferred to the Field Office in Reno, Nevada. and SA David Allen was assigned as her training agent.

13. On October 30, 2014, Ms. Hollenback signed her ATF Special Agent Performance Appraisal covering the period October 1, 2013 – September 30, 2014.  The annual review was completed by ARAC Cahill with an overall rating of FULLY SUCCESSFUL.

14. On November 7, 2014, then Acting Assistant Special Agent in Charge Graham Barlowe traveled to the Reno Field Office to discuss the evaluation that Ms. Hollenback received from SA Jerry Donn.  According to Acting ASAC Barlowe, it was a bad evaluation.  The evaluation he was referring to was the monthly trainee evaluation for month of August. Ms. Hollenback explained to Acting ASAC Barlowe that the comments on the evaluations were based on opinions and not facts. The comments were also copied and pasted in majority of

the categories from previous monthly evaluations. Daily contemporaneous notes made by Ms. Hollenback disprove the evaluation comments made by SA Donn.

15. On December 2, 2014, Ms. Hollenback called EEO Counselor, Larry Sovinsky, to discuss the process for filing a discrimination complaint.

16. From December 9, 2014 through January 18, 2015, Ms. Hollenback was assigned to the Fresno Field Office for a temporary duty assignment under Resident Agent in Charge Brice McCracken..

17. A few days after arriving in Fresno, Ms. Hollenback was approached by SA Michael Sexton and SA George Jusino who related that they were told to watch everything Ms. Hollenback did because RAC McCracken had instructed SA Sexton and SA Jusino to report every action of Ms. Hollenback.

18. On December 15, 2019, Mr. Sovinsky instructed Ms. Hollenback to call ASAC Debbie Livingston. In a conversation with ASAC Livingston, Ms. Hollenback was informed that ASAC Livingston would help her with her concerns.

19. On December 17, 2014, Ms. Hollenback requested to file a formal EEO complaint.

20. On December 19, 2014, Ms. Hollenback was part of a Title III wiretap operation. While parked, Ms. Hollenback was hit by another vehicle driven by a Ms. Lin. Due to the nature of the wiretap investigation, Ms. Hollenback did not initially identify herself as a law enforcement officer. Ms. Lin refused to provide her information so Ms. Hollenback could turn in an accident report. Even after Ms. Hollenback eventually identified herself as a law enforcement officer, the other driver still refused to give her information. Another agent, SA Ricky Chan intervened.

21. The operation was called off later that same day and Ms. Hollenback called RAC Brice McCracken. RAC McCracken immediately questioned Ms. Hollenback. He asked Ms. Hollenback if she was sure that she didn't hit the other driver. Ms. Hollenback reassured

RAC McCracken that she was parked when the accident occurred.  RAC McCracken instructed Ms. Hollenback to turn in an accident report.

22. A few days passed and Ms. Hollenback was not able to complete the report due to the missing information from the other driver.  Ms. Hollenback told RAC McCracken about the missing information she needed for the report and RAC McCracken informed Ms. Hollenback that he would call Ms. Lin to get them.  Ms. Hollenback was scheduled to go home on leave for Christmas and only had seven days to turn in the report.  Ms. Hollenback tried to call RAC McCracken for advice, but he was not available.  Ms. Hollenback attempted to call Ms. Lin for the missing information in order to insure the accident report was completed in the required seven days.  Additionally, the diagram in the report only showed a diagram of the intersection where the accident had occurred.  Ms. Hollenback had to draw a different diagram to show that the accident occurred in a parking lot.

23. A few days after Ms. Hollenback's accident, another agent, SA Michael Sexton, was also hit while his vehicle was parked, but he was not scrutinized or questioned by RAC McCracken like Ms. Hollenback was scrutinized.

24. While on leave, Ms. Hollenback learned that RAC John Wester and RAC Graham Barlowe volunteered to work the Title III wiretap operation.  This concerned Ms. Hollenback because it is not common for RACs to volunteer for Title III wiretap operation, especially during the December holiday season.

25. Ms. Hollenback suspected that RAC John Wester and RAC Graham Barlowe were there to watch her and she called RAC Tom Ross about her concern.  Ms. Hollenback asked to be moved to a different shift, but was denied.

26. On February 3, 2015, RAC Ross issued a Letter of Expectation to Ms. Hollenback.  The letter contained events that happened in Fresno while Ms. Hollenback worked on the Title III wiretap operation.

27. On April 14, 2015, Ms. Hollenback was issued a Termination Letter from ASAC Debora Livingston.

28. On December 18, 2018, Ms. Hollenback received a right to file a civil action letter.

29. Ms. Hollenback is a female who, until her involuntary transfer to Sacramento Field Office did not have any performance issues. Ms. Hollenback's appraisals in Stockton showed that her performance was fully successful. Ms. Hollenback's evaluations were written two months after the performance date which did not allow Ms. Hollenback to correct any mistakes annotated on the evaluations.

30. Ms. Hollenback worked in 4 different field offices, was trained by 5 training agents, all in the 16-month time frame. Ms. Holenback's assigned training agents were not trained to be training agents. In fact, at this time, ATF had no formal training to teach agents how to be training agents.

31. No other agent in the division went through these many transfers and change to their training agents within such a short period.

32. Ms. Hollenback tried to initiate her own cases by joining different task force and attending meetings with other law enforcement agencies, but was instructed by Acting RAC Cahill not to do so and later was evaluated for not initiating her own cases.

33. Other agents like SA Donna Hauser, SA Micah Wellman and SA Normand Bergeron, who had more experiences in the job, volunteered to be Ms. Hollenback's training agents over the course of her tenure with ATF and were all denied. Specifically, RAC Thomas Ross only wanted SA David Allen to be Ms. Hollenback's training agent, even though other agents in the office had reported severe deficiencies regarding SA Allen to ATF management and the United States Office of Special Counsel.

34. The increased surveillance on Ms. Hollenback happened after Mr. Havers brought up SA Blair's comment to ARAC Cahill and an EEO complaint was filed.

35. Prior to her employment with the ATF, Ms. Hollenback was a commissioned Army Officer with the Army National Guard and continues to serve honorably in that capacity. Ms. Hollenback's career with ATF was terminated after she was discriminated against because of her gender, sex, and national origin and retaliated against after engaging in protected EEO activity.

**RELIEF:**

1.   An Order declaring that Defendant violated Plaintiffs rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16;

2. Restoration of Plaintiff as a Criminal Investigator GS-1811 in the Reno Field Office;

3. An award of attorney's fees and costs incurred in the prosecution of this action;

4. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation and loss of enjoyment of life caused by defendants' unlawful actions;

5. Expenses incurred in pursuit of the Plaintiff's claims; and

6: Such other relief as may be just and appropriate.

**JURY DEMAND:**

Plaintiff requests a trial by jury of all issues so triable.

Dated:  March 15, 2019

Valerie A. Hollenback, Pro Se

4141 Bootes Ct.

Sparks, NV 89436