UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VALERIE A. HOLLENBACK,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS BRANDON, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00151-MMD-WGC<br><br>ORDER |

## I. SUMMARY

*Pro Se* Plaintiff Valerie A. Hollenback sued several defendants who were her supervisors at the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") for employment discrimination and retaliation based on her race, sex, and national origin under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17) ("Title VII"). (ECF No. 1.) Before the Court is Defendants' motion to dismiss for naming the wrong defendants, and for insufficient service of process (the "Motion").[1] (ECF No. 8.) As further explained below, the Court will grant the Motion and dismiss Plaintiff's case without prejudice because the Court agrees she named exclusively improper defendants, and has not properly served the defendants she named in her Complaint.

## II. BACKGROUND

Plaintiff generally alleges as follows in her Complaint. (ECF No. 1.) Plaintiff was hired by ATF in April 2013. (*Id.* at 7.) She started in the ATF office in Stockton, California, but was temporarily reassigned to Sacramento, California. (*Id.*) Jolene Blair was assigned to train her in Sacramento. (*Id.*) Some hours after Plaintiff met with Blair to discuss how

---

[1]Plaintiff filed a response. (ECF No. 10.) Defendants did not file a reply.

she needed to be more professional, Blair walked by Plaintiff's desk and asked her what she was doing. (*Id.* at 7-8.) Plaintiff said she was tracking a package containing a bathing suit. (*Id.* at 8.) Blair replied, "are you sure it was a bathing suit, and not a vibrator?" (*Id.*)

Plaintiff told other ATF employees "that it was hypocritical for SA Blair to question [Plaintiff's] professionalism and then make an unprofessional comment herself." (*Id.*) Plaintiff then basically alleges that she was transferred from ATF office to ATF office, and ultimately terminated, because she reported the fact that Blair made this comment to others. (*Id.* at 8-13.) Further, at a subsequent meeting with a supervisor, that supervisor told Plaintiff that "she will have a hard time with the ATF since she is female and a minority." (*Id.* at 9.) Plaintiff also alleges that she was disciplined and then terminated for not timely filling out required forms after being involved in an on-duty car accident where she was not at fault, but another male agent was not, though something similar happened to him. (*Id.* at 11.) Thus, Plaintiff alleges that she was discriminated against because she is a woman of Filipino ancestry. (*Id.* at 4, 13.)

### III. LEGAL STANDARD

#### A. Failure to State a Claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

### B. Insufficient Service of Process

In addition, a defendant may move to dismiss for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside County*, 237 F.R.D. 423, 423 (C.D. Cal. 2006) (citation omitted). "Plaintiffs bear the burden of establishing the validity of service of process when defendants make a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5)." *Carr v. Int'l Game Tech.*, 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011) (citation omitted).

## IV. DISCUSSION

Defendants make two arguments. The Court is persuaded by both of them. The Court first addresses below Defendants' argument that Plaintiff named improper defendants, then Defendants' service of process argument, and then explains it will grant Plaintiff leave to amend.

## A. Improper Defendants

Defendants first argue that the only proper defendant in this Title VII case is William Barr, the attorney general of the United States Department of Justice. (ECF No. 8 at 2-3.) Because Plaintiff named several defendants, but not him, Defendants argue Plaintiff's Complaint must be dismissed. (*Id.*) Plaintiff concedes that she did not name William Barr as a defendant, and asks that Defendants be dismissed without prejudice so she may sue them in their individual capacities. (ECF No. 10 at 1-3.) The Court agrees with Defendants.

Whether Plaintiff seeks to sue Defendants in their official or individual capacities, the only proper defendant in this Title VII employment discrimination is the Attorney General of the United States Department of Justice, currently William Barr. *See* 42 U.S.C. § 2000e-16(c) ("in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."); *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981) (holding that Title VII is the exclusive remedy for federal government employee-plaintiffs alleging discrimination, and that Title VII does not allow those plaintiffs to sue defendants in their individual capacities); *Tamayo v. U.S. Dep't of Labor*, 129 F.3d 127 (Table), 1997 WL 697454, at *1 (9th Cir. 1997) ("Under Title VII, there is no personal liability for employees, including [the plaintiff's] direct supervisors."); *Latson v. Sessions*, 239 F. Supp. 3d 163 (D.D.C. 2017) (providing an example of a case where an ATF employee alleging discrimination under Title VII sued the Attorney General of the United States Department of Justice); *Wright v. Lynch*, 196 F. Supp. 3d 76 (D.D.C. 2016) (same). The Court will therefore dismiss Plaintiff's Complaint for naming improper defendants. The only proper defendant is the Attorney General of the United States Department of Justice if she chooses to file an amended complaint.

## B. Insufficient Service of Process

Defendants next move to dismiss Plaintiff's Complaint for insufficient service of process. (ECF No. 8 at 3-4.) Plaintiff counters by apologizing for "any misinterpretation of" Fed. R. Civ. P. 4, and asks for another chance to perfect service. (ECF No. 10 at 1-3.) As

further explained below, the Court will give her that chance—assuming she chooses to file an amended complaint.

Defendants argue in pertinent part that Plaintiff has not complied with Fed. R. Civ. P. 4(c)(2) because the record shows Plaintiff herself attempted service on the defendants she served. (ECF No. 8 at 3-4.) The Court agrees. (ECF No. 7 (showing Plaintiff herself attempted to serve the Complaint and the summons).) As Defendants point out, someone who is not a party to the case must serve a complaint and its corresponding summons. *See* Fed. R. Civ. P. 4(c)(1)-(2); *see also Lawrence v. Krahne*, Case No. 2:16-cv-00762-JCM-VCF, 2016 WL 4492839, at *2 (D. Nev. July 14, 2016), *report and recommendation adopted*, 2016 WL 4487846 (D. Nev. Aug. 24, 2016), *aff'd*, 698 F. App'x 504 (9th Cir. 2017) ("As a party to the case[, the plaintiff] may not serve the Defendants."). The Court could, therefore, also dismiss Plaintiff's Complaint on this basis. *See, e.g.*, *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). But the Court has already found the Complaint must be dismissed for naming improper defendants. The Court includes this discussion here to advise Plaintiff of the importance of complying with Fed. R. Civ. P. 4 to the extent she files an amended complaint.

### C. Leave to Amend

"The Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts." *Knight v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:13-CV-01346-BR, 2013 WL 6493102, at *6 (D. Or. Dec. 10, 2013) (citation, internal quotation marks, and punctuation omitted). Here, Plaintiff could name the proper defendant in an amended complaint. The Court will therefore grant her leave to amend. If she chooses to file an amended complaint, Plaintiff must file it within 30 days, and then properly serve that complaint, paying careful attention to Fed. R. Civ. P. 4. Failure to file

| | |
|---|---|
| 1 | an amended complaint within 30 days may result in the Court dismissing this case with |
| 2 | prejudice. |
| 3 | **V.  CONCLUSION** |
| 4 | The Court notes that the parties made several arguments and cited to several cases |
| 5 | not discussed above. The Court has reviewed these arguments and cases and determines |
| 6 | that they do not warrant discussion as they do not affect the outcome of the motion |
| 7 | pending before the Court. |
| 8 | It is therefore ordered that Defendants' motion to dismiss (ECF No. 8) is granted. |
| 9 | Dismissal is without prejudice and with leave to amend within 30 days. Failure to file an |
| 10 | amended complaint within this prescribed period may result in the Court dismissing this |
| 11 | case with prejudice. |
| 12 | The Clerk of Court is directed to mail Plaintiff a copy of this order. |
| 13 | DATED THIS 3rd day of December 2019. |

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE