1
2
3                        UNITED STATES DISTRICT COURT
4                             DISTRICT OF NEVADA
5                                    * * *
6    VALERIE A. HOLLENBACK,                    Case No. 3:19-cv-00151-MMD-WGC
7                          Plaintiff,
                                                             ORDER
8         v.
9    WILLIAM P. BARR,
10                         Defendant.
11
12   **I.    SUMMARY**
13        *Pro Se* Plaintiff Valerie A. Hollenback sued for employment discrimination and
14   retaliation based on her race, sex, and national origin under Title VII of the Civil Rights Act
15   of 1964 (42 U.S.C. §§ 2000e to 2000e-17) ("Title VII") following her 2015 termination from
16   the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). (ECF No. 1.) The Court
17   previously granted Defendants' motion to dismiss Plaintiff's initial complaint for naming the
18   wrong defendants, and for insufficient service of process. (ECF Nos. 8 (motion), 15
19   (order).) Plaintiff then filed a first amended complaint (ECF No. 16 ("FAC")), and Defendant
20   William P. Barr, in his official capacity as Attorney General of the United States, moved to
21   dismiss, this time for failure to satisfy Fed. R. Civ. P. 8(a), and for failure to state a claim
22   under Fed. R. Civ. P. 12(b)(6) (ECF No. 21 (the "Motion")).[1] The Motion is now before the
23   Court. As further explained below, the Court will grant the Motion and dismiss Plaintiff's
24   FAC as inadequately pleaded, but will give her another opportunity to amend.
25   ///
26   ///
27
28        ──────────────────
          [1]Plaintiff filed a response (ECF No. 27), and Defendant filed a reply (ECF No. 28)

## II.    BACKGROUND

Plaintiff generally alleges as follows in her FAC. (ECF No. 16.) Plaintiff was hired by ATF in April 2013. (*Id.* at 3.) She started in the ATF office in Stockton, California, but was temporarily reassigned to Sacramento, California. (*Id.*) Jolene Blair was assigned to train her in Sacramento. (*Id.*) Some hours after Plaintiff met with Blair to discuss how she needed to be more professional, Blair walked by Plaintiff's desk and asked her what she was doing. (*Id.*) Plaintiff said she was tracking a package containing a bathing suit. (*Id.*) Blair replied, "are you sure it was a bathing suit, and not a vibrator?" (*Id.*)

Plaintiff told other ATF employees "that it was hypocritical for SA Blair to question [Plaintiff's] professionalism and then make an unprofessional comment herself." (*Id.* at 3-4.) Plaintiff then basically alleges that she was transferred from ATF office to ATF office, and ultimately terminated, because she reported the fact that Blair made this comment to others. (*Id.* at 4-8.) Further, at a subsequent meeting with a supervisor, that supervisor told Plaintiff that "she will have a hard time with the ATF since she is female and a minority." (*Id.* at 5.) Plaintiff also alleges that she was disciplined and then terminated for not timely filling out required forms after being involved in an on-duty car accident where she was not at fault, but another male agent was not when he was involved in a different, but similar, on-duty car accident. (*Id.* at 6-7.) Thus, Plaintiff alleges that she was discriminated against because she is an Asian American woman of Filipino ancestry. (*Id.* at 1-2, 8-9.) She also alleges retaliation. (*Id.* at 8-11.)

## III.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

## IV.   DISCUSSION

Defendant's arguments in his Motion are two flavors of the same argument: that Plaintiff's FAC is inadequately pleaded. (ECF No. 21.) Plaintiff does not strenuously disagree, as evidenced by the fact that she focuses a nonnegligible portion of her response on requesting leave to amend. (ECF No. 27 at 3-4.) The Court agrees with Defendant. The Court will first address the inadequacy of Plaintiff's pleading in her FAC, and then explain it will give Plaintiff another opportunity to amend her complaint.

///

///

1

2   ## A.      Inadequacy of Pleading

3         The Court will dismiss the FAC because the factual allegations in it do not allege

4   plausible claims for relief. *See Iqbal*, 556 U.S. at 678-79. As Defendant argues, while

5   Plaintiff need not satisfy a heightened pleading standard for her claims to survive the

6   Motion, she must allege facts showing the elements of each of her causes of action. (ECF

7   No. 21 at 5.-6) Even liberally construing the FAC, Plaintiff has not done so.

8         To start, neither Plaintiff's precise claims, nor the key elements of those claims, are

9   sufficiently well-defined for the Court to make out what they are. In two instances in the

10  FAC, Plaintiff alleges that she was terminated by ATF after she was discriminated against

11  because of her gender, sex, race, and national origin, and retaliated against, after

12  "engaging in protected EEO activity." (ECF No. 16 at 1-2, 8.) But Plaintiff then proceeds

13  to characterize her claims as one for discrimination and harassment based on her gender

14  only (*id.* at 8-9), and one for retaliation after she expressed opposition to ATF polices or

15  practices, though the FAC does not otherwise describe her opposition to ATF polices or

16  practices (*id.* at 9-11).

17        More specifically, as Defendant also points out (ECF No. 21 at 9), Plaintiff's

18  retaliation claim identifies her protected activity as opposing Defendant's unlawful and

19  discriminatory practices by submitting multiple verbal and written complaints, but the Court

20  was unable to locate any factual allegations consistent with this statement in the rest of

21  Plaintiff's FAC (ECF No. 16 at 10; *see also generally id.*). Instead, the factual allegations

22  that appear most related in the rest of the FAC seem to identify Plaintiff telling other

23  supervisors about Blair's inappropriate, sexualized comment as her protected activity.

24  (*See id.*) Her retaliation allegations are therefore unclear, contravening Fed. R. Civ. P.

25  8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is

26  entitled to relief"). The Court is also unable to discern which verbal and written complaints

27  Plaintiff is referring to in the rest of the FAC. (ECF No. 16 at 10.) Having a specific

28  paragraph for each complaint, including the pertinent date and a description of each

1   complaint, may provide support for Plaintiff's retaliation claim that the FAC is currently

2   lacking.

3        More generally, while Plaintiff states at two points in her FAC she is suing for race

4   and national origin discrimination, the factual allegations in her FAC do not provide support

5   for those allegations. *See O'Donnell v. U.S. Bancorp Equip. Fin., Inc.*, Case No. C10-0941

6   TEH, 2010 WL 2198203, at *4 (N.D. Cal. May 28, 2010) (dismissing Title VII complaint

7   with leave to amend, mentioning that "formulaic and conclusory allegations are insufficient

8   to state a claim under the governing pleading standards."). Plaintiff's factual allegations

9   instead appear to focus on her gender as motivating others' animus—for example, when

10  she was disciplined for improperly reporting an on duty car accident, but a male colleague

11  was not. (ECF No. 16 at 6-7.) In sum, it is unclear to the Court from the FAC whether

12  Plaintiff's claims encompass claims for race and national origin discrimination, and Plaintiff

13  does not plausibly allege her retaliation claim.

14       Further, and as Defendant also argues, Plaintiff's discrimination claim requires a

15  causation element currently missing from the FAC—that discrimination based on one of

16  Plaintiff's characteristics caused others to take adverse action against her. (ECF No. 21

17  at 6.) Plaintiff can demonstrate this by pointing to other, similarly-situated colleagues who

18  do not share her protected characteristics, and explaining how they were treated

19  differently. (*Id.*) *See also Fernandez v. Bd. of Regents of Nevada Sys. of Higher Educ.*,

20  645 F. App'x 572, 573 (9th Cir. 2016) ("individuals will typically be similarly situated 'when

21  they have similar jobs and display similar conduct'") (quoting *Vasquez v. Cty. of Los*

22  *Angeles*, 349 F.3d 634, 641 (9th Cir. 2003)). Such allegations would allow the Court to

23  draw an inference that discrimination caused Plaintiff's treatment, not Plaintiff's own job

24  performance. Again, the allegations that get the closest to plausible in this regard are

25  Plaintiff's allegations that a male colleague was treated differently than her after getting

26  into an on-duty car accident while parked. (ECF No. 16 at 6-7.) But even those allegations

27  are missing crucial allegations that could demonstrate that other person is similarly

28

situated to Plaintiff—such as allegations that he had the same supervisor, that he was also unable to timely complete an accident report because the driver at fault refused to provide information, and that the circumstances of the accident were otherwise similar to hers. *See Fernandez*, 645 F. App'x at 573. And to the extent Plaintiff would like to allege claims for race and national origin discrimination, she must provide supporting factual allegations showing how she was treated one way, and colleagues of different races or from different countries were treated differently under similar circumstances. She has not done so in the FAC.

Plaintiff's factual allegations of retaliation—frequent transfers and ultimately termination because she told others about Blair's inappropriate comment—also fail to state a claim. First, Plaintiff does not allege that telling others about Blair's inappropriate comment was protected activity. (ECF No. 16 at 3-8.) Moreover, the Court is unable to discern from the FAC that supervisors took subsequent adverse actions against Plaintiff because she told others about Blair's comment. Thus, Plaintiff's retaliation claim lacks allegations that would establish the required causal element of that claim—even if the Court considers the allegations about Blair instead of the allegations about making unspecified written and verbal complaints indicating opposition to ATF's policies and practices Plaintiff refers to towards the end of her FAC. (*Id.*; *see also id.* at 9-11.)

In sum, the Court will grant the Motion because the FAC lacks the requisite factual allegations described above, and is unclear as to both the claims Plaintiff is asserting in this case, and which factual allegations relate to which claims. As the Court finds Defendant accurately lists the elements of the causes of action Plaintiff is most likely trying to assert, the Court refers Plaintiff to the Motion when she prepares her second amended complaint, so Plaintiff can ensure each of her claims is supported by sufficient factual allegations. For example, "[t]o state a claim for employment discrimination on the basis of gender, Plaintiff must allege facts showing the following elements: '(1) that [s]he belongs to a protected class; (2) [s]he was qualified for the position; (3) [s]he was subject to an

adverse employment action; and (4) similarly situated individuals outside [her] class were treated more favorably."' (ECF No. 21 at 5 (citation omitted).) As also explained above, Plaintiffs allegations in the FAC lack factual support going to elements three and four. In any event, assuming Plaintiff prepares a second amended complaint, referring to this and other statements of the elements of potentially pertinent causes of action in the Motion may prove useful to Plaintiff in preparing that amended complaint.

The Court will also address two points Plaintiff raises in her opposition to the Motion. First, Plaintiff states that "Defendant asserts no *factual* inadequacy in the Complaint[.] (ECF No. 27 at 2 (emphasis in original).) Quite to the contrary, this is exactly what Defendant argues in his Motion—and the Court agrees with Defendant. As explained above, the Court must dismiss Plaintiff's FAC because Plaintiff's claims therein lack crucial, supporting factual allegations. Second, Plaintiff appears to summarize the heart of her claims in enumerated paragraph six of her opposition to the Motion, but those claims are not clearly reflected in her FAC. (*Id.* at 3.) Is the 'EEO action' Plaintiff' refers to there the inappropriate comment by Blair, Plaintiff's reporting of it, or something else altogether? (*Id.*) The Court cannot say. The Court is also unable to locate factual allegations in the FAC—or even a conclusory allegation—supporting Plaintiff's statement in her opposition that she was subject to different training criteria because she is an Asian American female. (*Compare id. with* ECF No. 16.) And as also explained above, as to Plaintiff's allegation that a male colleague in the Reno Field Office received disparate treatment from her, the FAC lacks allegations showing that he was similarly situated to Plaintiff. (ECF No. 27 at 3.) Thus, Plaintiff's summary of pertinent allegations in her opposition to the Motion either do not appear in the FAC, or lack the requisite factual supporting allegations where they do.

**B.     Leave to Amend**

"The Ninth Circuit has made clear that when a *pro se* plaintiff fails to state a claim, leave to amend should be granted unless the pleading could not possibly be cured by the

1    allegation of other facts." *Knight v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,

2    No. 3:13-CV-01346-BR, 2013 WL 6493102, at *6 (D. Or. Dec. 10, 2013) (citation, internal

3    quotation marks, and punctuation omitted). Here, Plaintiff could add factual allegations

4    and dates consistent with her FAC indicating a causal linkage between her protected

5    characteristics, and the adverse actions taken against her, along with offering clearer

6    definition of her protected activities, and how she was retaliated against for engaging in

7    them. The Court will therefore grant her leave to amend.[2] If Plaintiff chooses to file a

8    second amended complaint, she must file it within 30 days, and then properly serve that

9    complaint, paying careful attention to Fed. R. Civ. P. 4. Failure to file an amended

10   complaint within 30 days may result in the Court dismissing this case with prejudice.

11   **V.    CONCLUSION**

12          The Court notes that the parties made several arguments and cited to several cases

13   not discussed above. The Court has reviewed these arguments and cases and determines

14   that they do not warrant discussion as they do not affect the outcome of the Motion.

15          It is therefore ordered that Defendant's motion to dismiss (ECF No. 21) is granted.

16          It is further ordered that Plaintiff's FAC (ECF No. 16) is dismissed, in its entirety, as

17   inadequately pleaded. Dismissal is without prejudice and with leave to amend within 30

18   days. Failure to file an amended complaint within 30 days of the date of entry of this order

19   may result in the Court dismissing this case with prejudice.

20   ///

21   ///

22   ///

23

24          [2]The Court declines Defendant's suggestion to either not grant leave to amend at
25   all, or explicitly limit Plaintiff to one more amendment. (ECF No. 28 at 2.) If dismissal is
     appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of
26   its deficiencies, unless it is clear that those deficiencies cannot be cured. *See Cato v.*
     *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Court is unconvinced at this point
27   the deficiencies of the FAC cannot be cured, and reserves ruling on the futility of future
     amendment until such futility were to become clear. Thus, the Court declines to
28   preemptively restrict Plaintiff to only one more attempt at amendment.

The Clerk of Court is directed to mail Plaintiff a copy of this order.

DATED THIS 3rd Day of December 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE